UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JESSE MCNEELEY, | ) |
|       Petitioner, | ) |
| v. | ) No. 2:23-cv-00305-JPH-MG |
| RULE, | ) |
|       Respondent. | ) |

**ORDER DISMISSING HABEAS PETITION
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Jesse McNeeley filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 while serving his sentence at the Federal Correctional Institution in Terre Haute, Indiana. Dkt. 1. He asserts that the Bureau of Prisons ("BOP") is wrongfully denying him earned time credits toward his sentence. Respondent filed a return, dkt. 8, but Petitioner did not file a reply, and the time for doing so has passed.

**I. Legal Standard**

The Attorney General, through the BOP, is responsible for administering a federal prisoner's sentence, including the computation of sentence credit. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019). An inmate can challenge the calculation of his sentence, including time credits, in a § 2241 petition. *Setser v. United States*, 566 U.S. 231, 244 (2012); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). But a prisoner has "no constitutional or inherent right" in being released before the completion of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr.*

*Complex*, 442 U.S. 1, 7 (1979). If a relevant statute places no "substantive limitations on official discretion" in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).

## II. Discussion

Mr. McNeeley contends that First Step Act of 2018 ("FSA") entitles him to time credits toward his sentence. Under the FSA, inmates convicted of non-violent offenses may earn credit toward their sentences by completing programming and other productive activities. *See* 18 U.S.C. § 3632(d). Such credits may be applied to early transfer to supervised release or to prerelease custody (such as a halfway house). 18 U.S.C. § 3624(g). Mr. McNeeley states that he has been earning credit under the FSA but that the warden has been refusing to apply the credits because he has not been assessed a low or minimum recidivism risk by the BOP. Dkt. 1 at 2. In response, Respondent argues that the petition should be dismissed because the BOP has determined that Mr. McNeeley is a high recidivism risk, which renders him statutorily ineligible to apply FSA time credits. Dkt. 8 at 1.

The FSA's language is clear that earned time credits cannot be applied toward a sentence unless the inmate has, among other things "demonstrated a recidivism risk reduction or maintained a minimum or low recidivism risk." 18 U.S.C. § 3624(g)(1)(A)-(B). Inmates who do not have a minimum or low recidivism risk are not eligible to have credits applied for early transfer to supervised release. *Id.* § 3624(g)(1)(D)(ii). If they can demonstrate a recidivism risk

reduction, they may be able to have the credits applied toward prerelease custody, but only if they successfully petition their warden. *Id.* § 3624(g)(1)(D)(i); *see also* 28 C.F.R. § 523.44(c). Petitioner has a medium or high recidivism risk, making him ineligible to apply his earned time credits to prerelease custody or early placement on supervised release. Dkt. 8-1 at 2. Thus, he is not eligible to have his FSA time credits applied to his sentence.

Because Mr. McNeeley has not shown that the failure to apply his earned time credits toward his sentence violates the FSA, he is not entitled to relief. *See Booker v. Williams*, No. 21-cv-215-JPG, 2022 WL 4314362, at *2 (S.D. Ill. 2022 Sept. 19, 2022) (a petitioner who has received a "high" recidivism risk assessment can have his time credits applied toward his sentence "if he achieves the necessary recidivism risk metrics").

### III. Conclusion

For the reasons stated above, Mr. McNeeley's § 2241 petition is **dismissed with prejudice**. Final judgment shall issue by separate entry.

Mr. McNeeley was released from prison on September 22, 2023, and has not provided an updated address. Accordingly, no copy of this Order can be mailed to Mr. McNeeley, although the Clerk's Office shall provide a copy upon request.

**SO ORDERED.**

Date: 2/1/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JESSE MCNEELEY
47149-509
No address – Copy to be provided upon request

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov